### CHASE *v.* CURRIER.

A fund bequeathed to C., "to be prudently used if needed by him for his support during the remainder of his life," with remainder to others, is not attachable in the hands of the executor by C.'s creditors.

FOREIGN ATTACHMENT. Facts found by the court. The trustee is executor of the will of Lucretia M. Currier, who died February 15, 1883. Her will was proved and allowed, and the trustee appointed executor February 27, 1883. Service of the writ was made upon the trustee February 28, 1883. The defendant was

husband of the testatrix, and the trustee was their son. All the affairs of the estate were settled prior to February 28, 1883, except the legacy to the defendant. The second clause of the will, under which the plaintiff seeks to charge the trustee, is as follows:

"I give and bequeath to my beloved husband, Moses Currier, the amount of money that my farm can be sold for, if I do not dispose of it before my decease, to be prudently used if needed by him for his support during the remainder of his life. Should it not be used, or there be any left after paying his expenses of sickness and funeral charges, I want it divided among my children as follows:     *     *     *"

The devisees sold the farm to one Jackson for $1,500. Jackson paid $150 in cash, and secured the balance of the purchase-money by a mortgage of the farm to the executor in trust for the devisees.

*Pike & Parsons* and *W. T. Norris*, for the plaintiff.

*Shirley & Stone*, for the trustee.

ALLEN, J. The case finds that the land devised by the defendant's wife, the proceeds from the sale of which in the hands of the trustee the plaintiff seeks to recover, was purchased with the wife's own money, and was no part of the defendant's estate. The defendant contributed largely to the erection of buildings upon the land, and gave any interest he had in the buildings to his wife, at a time when his other visible property was more than sufficient to satisfy any demands against him, and it is found that the gift was not in fact made in fraud of the defendant's creditors. Not being made in view of existing or impending indebtedness, and the donor having at the time other property open to attachment sufficient to meet all his liabilities, the gift was not fraudulent in law. *Abbott* v. *Tenney*, 18 N. H. 109; *Pomeroy* v. *Bailey*, 43 N. H. 118.

The bequest of the wife's property was one that she could lawfully make. G. L., c. 183, s. 11.

The defendant's wife, by her will, gave to him the amount of money that her farm could be sold for, to be prudently used, if needed by him, for his support during the remainder of his life. If not used, or if any should be left after the expenses of his sickness and funeral, it was bequeathed one hundred dollars each to two of her children, and the remainder equally to her five children. If by the will the defendant had taken the land devised, or a life estate in it, the plaintiff could seize any such interest in the land by the levy of an execution. *McClure* v. *Melendy*, 44 N. H. 469; *Wellington* v. *Janvrin*, 60 N. H. 174. If the defendant is entitled to the absolute control of the money arising from the sale of the land, to use with unlimited discretion, the money and note given for the land in the hands of the trustee are his property, and the trustee is chargeable. No estate in the land was devised to the

defendant. The money arising from the sale of the land was bequeathed to him for a special use, with limitation over. The bequest was coupled with the limitation, "to be prudently used if needed by him for his support for the remainder of his life," and the remainder could not be taken by his heirs or legatees, but was expressly given to her children. The intention of the testatrix was, to provide a fund for her husband's support during life, and that to be prudently appropriated according to his necessities. To effect the object of the bequest it must be regarded as a trust, with discretion in the trustee to determine the necessities of the defendant and apply the fund in satisfying them for his life, and pay the remainder, if any, to the children of the testatrix. Per. Tr., *ss.* 112, 117, 263. In the absence of an express appointment of a trustee, the executor is charged with the execution of the trust.

The legacy being for a specific purpose, and that purpose a lawful one, the law will not permit its appropriation for a different purpose, and the money and note in the hands of the trustee cannot be taken by process of foreign attachment to pay the general indebtedness of the defendant. *Banfield* v. *Wiggin*, 58 N. H. 155 ; *Carson* v. *Carson*, 6 Allen 397.

*Trustee discharged.*

SMITH, J., did not sit: the others concurred.