Hillsborough, Dec. 4, 1951. } No. 4066.

INDIAN HEAD NATIONAL BANK, *Tr., Ap'ee*

*v.*

LUELLA A. THERIAULT, G'D'N & a., *Ap'ts.*

*Antoine A. Guertin* (by brief and orally), for the trustee.

*Robert E. Earley, John D. Wilcox* and *Charles J. Flynn* (*Mr. Flynn* orally), for the guardian.

BLANDIN, J. The appellant's objections to the Trial Court's findings and rulings and the decree based thereon are threefold. The first is that the purchase of a car for Albert and payments to him in connection therewith were an abuse of discretion and the trustee should not be allowed credit for them. The test to determine whether this contention is sound is to inquire whether it may be found under all the circumstances here that the trustee acted reasonably. *Woodward* v. *Jolbert*, 94 N. H. 324, 326. In so doing we must interpret the testator's direction "to educate and support each of my said sons, so far as may be necessary in the judgment of my said trustee. . . ." in the light of all surrounding facts. *Hanford* v. *Clancy*, 87 N. H. 458, 461. It should be borne in mind that while this interpretation must be within the bounds of reason, these words have no fixed or rigid meaning but may be of broad significance depending on the circumstances of each case. 28 C. J. S., Education, 832; 60 C. J., Support, 1171-1173; Black, Law Dict. (De Luxe ed.) Educate 642; *Id.*, Support, 1682-1683. It appears that Albert was a boy who during his adolescence and thereafter suffered in many ways from the effects of an early and severe illness. He was found by the Court on sufficient evidence to have been "an irresponsible child" and in endeavoring to give him an education, as was its duty, the trustee was faced with difficulties which it could be found required radical solutions. One problem was to keep the boy while attending school in Boston from spending his nights there, subjected to bad influences, and seeing to it that he returned to Nashua where he was well cared for by a person in whom the trustee had confidence. The urgency of the situation was heightened by the fact that the Boston school was the first and only one in which Albert had appeared to be really interested and he was doing well there. After discussing the matter for "quite a good while" the trustee decided the best course was to purchase and maintain an automobile for Albert so that he could commute daily between the two cities. The Court held the trustee's action proper as one reasonably necessary and incidental to the education of the boy. We believe the finding is sustainable. See *Orr* v. *Moses*, 94 N. H. 309, 312. The case of *Weston* v. *Society*, 77 N. H. 576, cited by the appellant, holds merely that the word "benefit" has a much broader meaning than the word "support." Granting this is so, as the Trial Court specifically stated, yet it seems neither this nor analogous decisions furnished by the appellant are authority for the proposition that under the facts here the trustee's act must be held unreasonable as a matter of law.

The appellant next claims that the trustee has not sustained its burden of proof as to the propriety of various payments under schedule 2 of the first nine accounts. The Court upheld the appellant as to a number of items in such accounts but allowed the trustee credit for others, as lawfully expended for Albert's support. As to these, the claim is that the trustee made payments without keeping detailed records of the purpose of the spending and has thereby failed to sustain its burden (Restatement, Trust, s. 172) of showing that the payments were proper. The trustee by its officer testified that often such expenditures were incurred after consultations with Albert and in no event until "very careful consideration" had shown the money was needed for his support. It was conceded that sums in the amounts claimed were paid. It would have been better practice to have kept more extensive records and the failure to do so might have resulted in disallowance of the accounts. However, our statutes (R. L., c. 363, as amended by Laws 1947, c. 264, and Laws 1949, c. 40) have prescribed no systems for keeping such accounts. The Court was entitled to use his common knowledge as to the cost of living and on the entire record we cannot say his conclusion is unwarranted. Cases decided under different circumstances in other jurisdictions are not controlling as each situation must stand on its own facts. It follows that the Court's findings must be upheld and the appellant's exceptions on this score are overruled.

Finally, it is asserted that certain payments aggregating $195 to Albert's guardian should be disallowed because no record was kept as to precisely how the guardian spent this money. While it is true a trustee cannot delegate duties to others which he "can reasonably be required personally to perform" (Restatement Trust, s. 171), we believe that rule was not broken. It is undoubtedly the law that it is proper for a fiduciary to entrust others with money or other property "where under the circumstances a prudent man would . . . entrust them with such property." 2 Scott, Trusts 916; see also *Id.*, 913. The trustee testified that he paid the money to the guardian, findably a reputable man of experience and ability, only after he was satisfied by lengthy conversations with the guardian that the payments were necessary for Albert's support. It seems to us that it could be found this satisfied the trustee's obligation under the principle above stated, and that it could not as a matter of law be required personally to oversee each item of the guardian's expenditures.

This appears to dispose of the objections of the appellant to the allowances of the account and the record disclosing no other exceptions of merit, the order is

*Decree affirmed.*

All concurred.