Strafford,
No. 4286.

RAYMOND CHISHOLM, *App't*

*v.*

HOMER S. BRADLEY, *Adm'r w.w.a. of the estate of Orin N. Hussey, App'ee.*

Argued April 6, 1954.

Decided April 21, 1954.

*Cooper, Hall & Cooper* (*Mr. Burt R. Cooper* orally), for the appellant.

*Homer S. Bradley*, administrator, appellee, *pro se*, furnished no brief.

*George S. Willard* (of Maine) for the appellee Kathleen Lord Guignard.

*Frank W. Peyser,* guardian *ad litem* of the appellee Cora Lord, furnished no brief.

DUNCAN, J. The fact that the residuary clause of the will identified as "daughters of my deceased sister," the testator's three nieces named therein is not sufficient to establish that the nieces were to take a one-fifth share of the residue as representatives of their deceased mother. *Cuthbert* v. *Laing,* 75 N. H. 304; *Farmer* v. *Kimball,* 46 N. H. 435. The will plainly provided the residue should go in "equal shares, unto my sisters [naming four] . . . and my nieces [naming three] . . . . " It disclosed no intention that the nieces should take a single share among them, in the right of their deceased mother. That a *per capita* division was intended is further indicated by the contrasting provision of the prior clause that on stated contingencies two nieces of a former wife of the testator should participate in the residue and receive "a share in said residuary estate, in equality, with the legatees and devisees, named in . . . the residuary clause." This was plain indication that the "legatees . . . named" were intended to share equally. The probate court properly decreed distribution of one-seventh of the residue to each of the residuary legatees, and the Superior Court is advised in answer to the first question that Annie's estate is entitled to one of these one-seventh shares.

Since Annie survived the testator, her interest was vested (*Colony* v. *Colony,* 97 N. H. 386, 390) although it was a remainder subject to defeasance by the exercise of the power of disposal conferred upon the life tenant. *Upton* v. *White,* 92 N. H. 221, 226; *Flanders* v. *Parker,* 80 N. H. 566, 568. The answer to the third question is that Annie's share of the personal estate should be paid to her legal representative upon appointment. *Pockett* v. *Farley,* 86 N. H. 79; *Clancy* v. *Pike,* 94 N. H. 33. See also, *Stearns* v. *Matthews,* 94 N. H. 435, 438; *Weeks* v. *Jewett,* 45 N. H. 540, 542. Since administration of her estate has never been granted, and her domicile at death does not appear, the manner in which her personal estate should be distributed cannot be determined. However it appears that she died intestate, and hence her interest in any real estate situated in New Hampshire descended to her children as provided by statute. R. L., c. 360; *Weeks* v. *Jewett, supra.*

The second question relates to the interest of Annie's deceased husband. He survived her, but he acquired no interest in the

residue of the Hussey estate by virtue of any provision of the will. In the residuary clause, giving the residue to the legatees named therein, the words "unto them and their heirs," are words of limitation rather than words of purchase, and indicate gifts in fee. The will contains no requirement that named legatees survive the life tenant in order to become entitled, and there is no provision that their heirs should take in the event they should predecease the life tenant. *Cf. Colony* v. *Colony, supra,* 391. Consequently Annie's heirs take from her, by operation of law, rather than from Orin N. Hussey as legatees under his will. So far as the interest of Harry Farrar in the estate of his wife Annie may be determinable according to the law of New Hampshire, he was not her "heir" (see *Wilkins* v. *Ordway,* 59 N. H. 378) and he takes no interest in any New Hampshire real estate as an heir. R. L., c. 360, *supra.* His rights as surviving husband are fixed by statute. R. L., c. 359. Any interest which his estate may have in personalty distributed to Annie's estate from the Hussey estate will depend upon the law of Annie's domicile at her death, and is not subject to determination by a decree of distribution in the estate of Orin N. Hussey.

*Remanded.*

All concurred.