In the Matter of the Construction of the Will of SADIE T. HOUGHTALING, Deceased.

Surrogate's Court, Ulster County, July 20, 1955.

*Bernard A. Culloton* for James S. Houghtaling, petitioner.

*Henry Hunter* for Alice Terwilliger and others, respondents.

STERLEY, S.  This proceeding was originally instituted by a petition made by James S. Houghtaling, the husband of the deceased and the executor of the estate of deceased, asking this court that an order be made directing the sale of the real property of the decedent or to mortgage the same for the purpose of the payment of debts, most of which were debts of the life beneficiary, namely, the petitioner, James S. Houghtaling, the husband of the deceased.

An answer was interposed by the remaindermen denying certain allegations in the petition and asking that the petition be dismissed.

Subsequently, counsel stipulated that the proceeding be referred to the Surrogate for a construction of the will of the decedent.  We are now confronted with a construction of the last will and testament of the deceased, Sadie T. Houghtaling, particularly so much of the said will designated as paragraph " Second " which reads as follows:  " Second.  All the rest, residue and remainder of my property, I give, devise and

bequeath to my husband, JAMES S. HOUGHTALING, for and during his natural life, with the right to use of the principal if the same be necessary for his maintenance, and upon his death, then I give, devise and bequeath said property, or so much thereof as may remain, as follows ''.

The decedent died on February 7, 1953, leaving a last will and testament which was admitted to probate by this court on May 18, 1953, and letters testamentary were duly issued to James S. Houghtaling, the husband of the deceased and the person named as executor in said will.

The sole question to be determined in this matter is whether the will constituted an absolute gift of support and maintenance which makes a charge upon the income from the estate and upon the principal. If this be true then the private income of the life beneficiary cannot be considered. However, if the gift is of income coupled with a provision that the principal may be invaded in case of need then the private income of the beneficiary must be considered in determining whether such need exists. I think that the matter before the court herein for determination is largely to be the construing of the word '' necessary '' as used in the Second paragraph of the will of the deceased. As has been frequently stated by the courts the intent of the testatrix must be taken into consideration in the construing of the pertinent part of her will. The courts have uniformly held that the words '' requirement '' and '' necessity '' and the words '' require '', '' need '' and '' necessary '' are synonymous and interchangeable. It is well settled that the word '' necessary '' imports the idea of the petitioner herein to live in his normal and accustomed manner. It seems that the petitioner herein does have real property and means of his own.

Under a will devising property to a husband for life, with privilege to use so much of the principal as may be necessary for his comfortable maintenance and support, the husband does not have the right to use any of the principal so long as he has property of his own. (*Matter of Hogeboom,* 219 App. Div. 131.)

It is true that it is necessary to closely scrutinize each case individually relative to such questions as have been raised in this proceeding. A reasonable construction of the Second paragraph of the decedent's will might well be determined that the principal was not to be invaded unless it was necessary to do so for the maintenance of the life tenant. Had the word '' necessary '' which implies need not been used the situation might well be otherwise. However, the testatrix would seem to have taken into consideration that her husband had means of his own and

that if a time should ever arrive when he did not have from the income of her estate together with his own means a sufficient income for his needs then and only in that event could he invade the principal. This court does not believe that such time has yet arrived and that until such time does arrive the life beneficiary could not invade the principal. The word " necessary " as used in paragraph Second of the will of decedent is construed to mean that the life beneficiary was to have the income from the estate of the deceased for such needs and purposes as would maintain him in his normal standard of living and if such income was insufficient then his personal means must be used before invading the principal for such need and requirements. It would, therefore, seem that the will did not constitute an absolute gift of support and maintenance which makes it a charge upon the income of the estate and upon the principal. The intention of the testatrix is hereby construed that the principal may be invaded in case of need only, but the word " need " or " necessity " as used in paragraph Second of the deceased's will is meant to infer that the private income of the beneficiary must be considered in determining whether such need exists.

A decree may be entered accordingly upon notice.