FIRST AGRICULTURAL NATIONAL BANK OF BERKSHIRE
COUNTY, trustee, *vs.* DORILDA SHEA & others.

Hampden.    April 6, 1966. — June 6, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Devise and Legacy,* Heirs. *Words,* "Heirs."

Where a will provided that upon the death of the testator's wife certain
shares in property which had been held in trust for her should go to the
testator's sister and his niece free of trust and a share should be held in
trust for the benefit for life of a nephew, the niece's brother, who had
been divorced from his first wife, and that on the nephew's death the
principal of his trust should "go to his heirs excepting those by his
first marriage," and it appeared that the nephew remarried after the
testator's death and subsequently died leaving his second wife, one child,
by his first wife, children of his sister, and the testator's sister, it was
held that the nephew's second wife was his sole heir within such provi-
sion respecting the principal of his trust and was entitled to the entire
principal thereof.

PETITION filed in the Probate Court for the county of
Hampden on September 18, 1964.

The case was heard by *Smith, J.*

*Robert J. Donelan* stated the case.

*James P. Hatch,* of New York and New Jersey, for the
respondents Thomas P. Snow & another.

*Matthew R. McCann* for the respondent Margaret
McIntyre.

*Warren G. Miller* for the respondent Dorilda Shea.

SPIEGEL, J.   The petitioner seeks instructions regarding the distribution of certain assets which it holds as a successor trustee under the seventh clause of the will of the testator, Charles F. Lynch.   The probate judge entered a final decree ordering the funds distributed to Dorilda Shea, the widow of the testator's nephew James Shea. This is an appeal by Thomas P. Snow, Sr., and Charles E. Snow, Third, the children of the testator's niece, and by Mrs. Margaret McIntyre, the testator's sister.   The evidence is reported and the judge made a report of material facts.

The sixth clause of the testator's will establishes a trust for the testator's wife.   The seventh clause provides: "Upon the death of my wife, Eleanor F. Lynch, the Trust estate is to be divided into six equal portions and paid over as follows:   Four sixths to Margaret McIntyre . . . my sister, or in the event of her death said four sixths is to be divided equally among such of her children as are living. Two sixths are to be divided equally between the children of my sister, Ellen Shea, namely Mrs. Ellen Snow and James Shea, except that the share of James Shea is to be held upon the same trusts as are herein stated with reference to his sixth.   The share of Mrs. Ellen Snow is to go to her absolutely.   The share of James Shea is to be held in trust by Mrs. Ellen Snow[1] for the benefit of her brother, James aforesaid, the income thereof to be paid to him annually and upon his death the *principal to go to his heirs excepting those by his first marriage*" (emphasis supplied).

We herewith summarize pertinent portions of the judge's findings.   "At the time of the execution of the will, . . . James E. Shea had been married to and divorced from his first wife, Annah Goodwin, and had one living daughter, Anne Allison Preble Lee, the sole issue of his first marriage."   The will was executed in 1947, and the testator died in 1950.   The testator's widow died in 1957.   On Jan-

---

[1] Mrs. Snow died in 1959.   She was succeeded as trustee by the National Mahaiwe Bank of Great Barrington which subsequently merged with the petitioner.

uary 10, 1959, James Shea married Dorilda Shea. He died intestate in 1964, survived by his widow and his daughter by his first marriage.

Mrs. McIntyre contends that the term "heirs" in the seventh clause is "synonymous with the term 'children' or 'issue' "; and the Snows contend that it means "heirs of the blood within the lineage of . . . [the testator's] deceased sister Ellen Lynch Shea."

"The word 'heirs' in its ordinary as well as technical signification denotes and it is to be construed as meaning those persons who take a person's real estate by inheritance after his death. *Sherburne* v. *Howland,* 239 Mass. 439. The word 'heirs' also includes by force of statute a surviving husband or wife. *Yerxa* v. *Youngman,* 241 Mass. 251. G. L. (Ter. Ed.) c. 190, § 1." *Merchants Natl. Bank* v. *Church,* 285 Mass. 217, 221. Nothing in the terms of this will leads us to interpret "heirs" in a different sense. The testator's niece received her share of the trust remainder outright; and if she died intestate, her assets would pass to her statutory heirs. Thus, the testator did not clearly indicate an intent that statutory heirs other than lineal relations should not share in his estate.

The Snows also contend that "in the proper application of G. L. c. 190, § 1, the widow of James is limited to one-third, and two-thirds goes to Charles and Thomas Snow, . . . pursuant to section 3 of said chapter, because of the existence of a child of James Shea, Anne Shea (Preble) Lee, . . . although such child is cut off under the will." They argue that "if any kindred is disinherited, the rules determining who shall take operate solely within section 3. The spouse's share is neither augmented nor decreased by the disinheritance of any kindred under section 3."

Section 1 provides, "A surviving husband or wife shall . . . be entitled to the following share . . . not disposed of by will. . . . If the deceased leaves issue, the survivor shall take one third." Section 2 provides for distribution of personal property as "prescribed for the descent of real property." Section 3 provides for the descent of the real

property of an intestate, "subject . . . to the rights of the husband or wife," (1) "In equal shares to his children . . ." and (5) "If he leaves no issue and no father or mother, to his brothers and sisters and to the issue of any deceased brother or sister by right of representation."

Under the terms of the statute, the heirs of James Shea are his widow and his daughter by his first marriage. See *Ball v. Hopkins*, 254 Mass. 347, 349–350. His nephews are not statutory heirs, since they take only "[i]f he leaves no issue." The express exclusion of his heirs by his first marriage left the widow as the sole heir. Since she takes by the will and not by intestacy, she is not limited to the share she would have taken on intestacy. See *Ball v. Hopkins*, 254 Mass. 347, 350.

Accordingly, we hold that the judge was correct in determining that Dorilda Shea is the sole heir of James Shea excepting his heirs by his first marriage. Costs and expenses of appeal are to be in the discretion of the Probate Court.

*Decree affirmed.*