Strafford Probate Court,
No. 5600.

In re Freeman N. Davis Estate.

Argued April 4, 1967.
Decided May 23, 1967.

*Calderwood, Silverman & Ouellette* ( *Mr. Raymond R. Ouellette* orally ), for the trustee, as amicus curiae.

*Burns, Bryant, Hinchey & Nadeau* and *Paul R. Cox* ( *Mr. Cox* orally ), for Edna D. McIver.

*Frank W. Peyser*, guardian ad litem, filed no brief.

Duncan, J. By his last will, dated December 24, 1931, the testator bequeathed and devised to his widow certain real and personal property of substantial value. After two other bequests, the residue of his estate was bequeathed and devised "for and during the lifetime" of his widow in trust for her benefit.

The will provided that upon the death of the widow, pecuniary legacies aggregating $2,800, two of them contingent upon survival, should be paid to specified legatees. It also established a trust in the principal sum of $12,000 for the benefit of four children, by name, of the testator's niece, Bertha D. Bone, the share of each to be held until he or she should reach the age of twenty-eight years, a similar trust in the principal amount of $9,000 for the benefit of three named children of Leo H. McIver (and of the testator's niece Edna D. McIver), and a third trust in the amount of $6,000 for the benefit of two children therein named of Mabel D. Woodward, the testator's foster daughter.

The balance of the residue was bequeathed and devised outright, four-fifteenths to each of the testator's nieces, Edna D. McIver and Bertha D. Bone, with a proviso that if either predeceased the testator's widow without lineal descendants her share should go to the other; and three-fifteenths to Mabel D. Woodward, with a like proviso in favor of Edna and Bertha if Mabel should predecease the widow without lineal descendants. The remaining four-fifteenths was disposed of as follows: "(3). Four fifteenths thereof to Dwight Hall, in trust, for the benefit of my niece Maude E. Davis, child of my brother Ansel T. Davis, and I direct my said trustee to pay the income of said trust fund to the said Maude E. Davis quarterly during her lifetime. At the death of the said Maude E. Davis, this trust shall come to an end and at that time I give, bequeath and devise said trust property, together with the accumulations thereon to my heirs at law in the same proportion that they would inherit from an intestate ancestor."

Certain facts are established by agreement of the parties. The legatee Maude E. Davis (Cox) died at the age of 78 on August 8, 1964, without issue, having survived the testator by thirty years. Testator's heirs at law as of the date of his death were his nieces, Maude E. Davis (Cox), Bertha D. Bone, and Edna D. McIver. Testator's heirs at law as of the date of death of the life beneficiary Maude E. Davis (Cox) are the niece Edna D. McIver, and the four children of Bertha D. Bone, who died November 9, 1953. When the will was executed in 1931 the

testator's wife was 73, and seven years his junior, and his nieces and foster daughter were all younger than she was by twenty-two years or more.

The answer to the question certified by the probate court will determine whether the trust fund approximating $65,000 will be distributed to the surviving niece Edna D. McIver and the representatives of the two deceased nieces who with Edna were the testator's heirs at his decease; or be divided among Edna D. McIver and the four children of the deceased niece, Bertha D. Bone.

While the certified question is phrased in terms of determination of the testator's heirs as of two different dates, it should be recognized that the fundamental issue is one of determining the intention of the testator as disclosed by his will. *Hardy* v. *Gage*, 66 N. H. 552, 554. Strictly speaking, the " heir " of a decedent is " he upon whom the law of inheritance casts the estate immediately on the death of the ancestor. " 4 Page on Wills ( Bowe-Parker Rev. ) *s.* 34.4; *Simes* v. *Ward*, 78 N. H. 533, 534.

The issue presented was realistically and precisely stated by *Parsons*, C. J. in *Remick* v. *Merrill*, 80 N. H. 225, 226, thus: " Did the testator direct that the fund . . . should upon the completion of the trust be paid to his heirs then living to receive it, or did he instruct the trustee to pay the same to the heirs, assignees, or legatees of those persons who were his heirs when he died ? " Stated differently, did the testator intend the class of legatees constituting his " heirs at law " to be determined upon his own death, or at the time of distribution upon the death of the life tenant. The considerations advanced in *Remick* v. *Merrill*, *supra*, as reasons for concluding that the testator intended distribution to be made to those of his heirs living at the time of distribution are largely applicable to the case before us.

Having placed the legacy to his niece Maude in trust for her life instead of giving it to her outright, as he did to the two other nieces, it is improbable that the testator intended Maude to have the power of disposition of the remainder following her life estate. Since Maude was his youngest niece, he " knew that when the final distribution should be made all of his heirs of the first generation [ might ] be dead, for the distribution was not to take place until the death of the [ youngest ]. " *Remick* v. *Merrill, supra,* 228. He knew of the existence of grandnieces and a grandnephew, for he provided for them in the will, and it is probable that he

intended distribution of the remainder after the life estate to be among persons living to receive his bounty. Clearly he intended the fund to be kept intact until the death of Maude. Had he intended to vest the remainder in his nieces upon his death, it is probable that he would have named them, as he did in preceding provisions of paragraph SIXTH ( g ), rather than establish a gift to his heirs " in the same proportion that they would inherit from an intestate ancestor. "

The conclusion that the testator did not intend the remainder to be divided among his three nieces or their successors in interest is supported in varying degrees by cases decided both before and after this will was executed. *Remick* v. *Merrill, supra*; *Hardy* v. *Gage*, 66 N. H. 552; *Holmes* v. *Alexander*, 82 N. H. 380; *Colony* v. *Colony*, 97 N. H. 386; *Watson* v. *Young*, 102 N. H. 436. And see 5 American Law of Property, *s.* 22.60; 4 Page on Wills ( Bowe-Parker Rev. ) *ss.* 35.9, 35.11; Annots. 169 A.L.R. 207, 38 A.L.R. 2d 327. *Cf. Kellom* v. *Beverstock*, 100 N. H. 329; *In re Farwell Estate*, 106 N. H. 61.

The probate court is advised that the testator's heirs are to be determined as of the death of Maude E. Davis ( Cox ) and that the fund should be distributed to Edna D. McIver, and to the four children of Bertha D. Bone who were living on August 8, 1964.

*Remanded.*

All concurred.