400

Hillsborough,
No. 6063.

### In re Estate of Abbie M. Griffin.

September 8, 1970.

*Winer, Lynch & Pillsbury* ( *Mr. S. Robert Winer,* pro se ) as trustee under the will of Abbie M. Griffin.

*Harkaway, Gall & Shapiro* ( *Mr. Aaron A. Harkaway* orally ), for Merrimack Village District.

*John F. Beamis,* Director of Charitable Trusts, pro se.

Lampron, J. Bill for directions brought under RSA 498:1 by S. Robert Winer, Esq., as trustee. The instructions sought pertain to a clause in the will disposing of part of the residue of the estate of Abbie M. Griffin which reads as follows:

" *Third:* I give, devise and bequeath all the rest, residue and

remainder of my estate . . . unto my trustee hereinafter named . . . for the following uses and purposes and upon the following terms and conditions. Trustee shall divide said rest, residue and remainder of my estate in four ( 4 ) parts.

"A. Trustee shall apply one ( 1 ) of said parts toward the liquidation of the bonded indebtedness of the Merrimack Village District, a municipal corporation in Merrimack, New Hampshire. The remainder, if any, shall be retained by the Trustee the income and principal thereof to be used for the benefit of said Merrimack Village District in such manner as Trustee shall deem ·proper, it being my desire that the same be used in connection with capital requirements of said District."

The trustee is, or was, holding for the benefit of the district $109,000 in cash and anticipates the receipt of approximately $4500 in additional cash on distribution of the balance of the estate. As of December 24, 1969, the district had outstanding $128,000 of "Water Bond[s]" and $92,200.36 in "Note[s]" representing monies borrowed for capital improvements to its water system under authority of the "Municipal Finance Act" RSA ch. 33.

.The main issue presented is whether the words "bonded indebtedness" as used in the will can be interpreted to include these notes issued by the district. This question was reserved and transferred, on an agreed statement of facts, by *Flynn,* J.

The law is well established in this jurisdiction that the intention of the testatrix as expressed in her will is to be carried out to the fullest extent feasible under the circumstances. *Devine* v. *Cote,* 109 N.H. 235, 238, 248 A.2d 77, 80. It is a fundamental rule of construction that when a phrase used in a will is neither as clear or precise as it could be, said phrase should not be allowed to defeat what appears to have been the intent of the testator. *In re Davis Estate,* 108 N.H. 163, 165, 229 A.2d 694, 695; *Marvin* v. *Peirce,* 84 N.H. 455, 457, 152 A. 484, 486.

The "bonded indebtedness" of the village district is regulated and controlled, in the main, by RSA ch. 33. The modes of financing covered by this chapter are the issuance of bonds or notes. RSA 33:2-3c ( supp ). Except for certain specific exceptions such as notes issued in anticipation of taxes or of federal or state aid ( RSA 33:1, 7, 7a,-b, ( supp. ) ), bonds or notes are to be issued to pay for permanent improvements, that is, "in connection with capital requirements of said District" as

specified by the testatrix. The terms, time, and mode of payment of these bonds or notes are specifically provided for in RSA 33:2 and the same requirements apply whether the indebtedness be incurred by the issuance of bonds or notes.

The parties have agreed that "all the monies borrowed by the Merrimack Village District whether evidenced by bonds or notes were borrowed for purposes of capital improvement of the Merrimack Village District Water System and all the bonds and notes were authorized by the voters of . . . the District acting under the provisions of RSA 33." The principal sum of these bonds cannot be paid in advance while that of the notes can be anticipated and paid.

It is also agreed that S. Robert Winer who drew various wills for the decedent over a period of years, including this one dated January 16, 1968, would testify to the following. The language of paragraph "A" was first used in a will executed by the testatrix on September 3, 1963. Following her instructions "to use a certain portion of the residue of her estate to pay the bonded indebtedness of the Merrimack Village District," he talked with counsel for the district on August 23, 1963 to determine its bonded indebtedness. He was advised, according to his memorandum of that date, that there were bonds and notes outstanding for the capital indebtedness of the district. He would testify further that he understood it was the testatrix's desire "to assist the Merrimack Village District by liquidating indebtedness incurred in the acquisition of capital assets."

We are of the opinion that the wording of paragraph "A" taken as a whole and interpreted in the background of the above circumstances (*Dennett* v. *Osgood,* 108 N.H. 156, 157, 229 A.2d 689, 690) manifests an intention of the testatrix that the funds in that trust be expended to liquidate obligations incurred to meet capital requirements of the district without making any distinction as to the exact legal nature of the obligation. In this connection it is to be noted that the notes in question have so many of the characteristics of the bonds as to warrant the classification of "bonded indebtedness" used in the will. 64 C.J.S. Municipal Corporations *s.* 1902, at 475; 43 Am. Jur. Public Securities and Obligations *s.* 5. *See United States Rubber Products* v. *Batesburg,* 183 S.C. 49, 190 S.E. 120. We hold therefore, and so instruct the trustee, that the notes in question issued by the district under the provisions of RSA ch. 33 come within

the "bonded indebtedness" toward the liquidation of which the testatrix intended the funds in the trust under paragraph "A" to be used.

The question arises as to whether the trustee has any discretion as to the application of the funds to payment of the bonds or the notes. Paragraph "A" states that the trustee "shall apply" that part of the residue toward the liquidation of the district's bonded indebtedness. Paragraphs "B," "C" and "D," by which the testatrix disposes of the balance of the residue, for purposes not material to this decision, direct the trustee to pay so much of the income or so much of the income and principal "as Trustee may deem proper." Paragraph "I" which sets out in detail divers powers of the trustee does not grant him discretion as to the liquidation of the bonded indebtedness.

Hence we hold, and instruct the trustee, that he is required to liquidate as soon as practicable so much of the "bonded indebtedness of the Merrimack Village District" as there are funds available to him in that trust. As it is agreed that payment of the principal of the bonds cannot be anticipated, the funds must be applied to liquidate the notes by anticipating their due date. Restatement, Second, Trusts *ss.* 164, 379. *See Thompson* v. *Phillips Exeter Academy,* 105 N.H. 153, 157, 158, 196 A.2d 42, 45, 46.

*Remanded.*

All concurred.