Hillsborough,
No. 6175.

JOHN W. MCLANE & a.

v.

BERTHA L. MARDEN
MARGARET G. TAYLOR

April 30, 1971.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *L. Jonathan Ross* ( *Mr. Ross* orally ) for the plaintiffs.

*Eaton, Eaton, Ross, Moody & Solms* ( *Mr. Charles Solms III* orally ) for defendant Margaret G. Taylor.

*McLane, Carleton, Graf, Greene & Brown* for defendant Bertha L. Marden, filed no brief.

PER CURIAM. Petition for declaratory judgment to determine the ownership of a tract of land with the buildings thereon situated in Bedford, New Hampshire. The determination of ownership was transferred without ruling on an agreed statement of facts by *Keller,* J.

The property in question was owned by Frances M. Taylor on

November 27, 1938, the date of her death. Frances M. Taylor died testate without issue survived by her husband Richard B. Taylor. The second paragraph of her will is as follows: "SECOND I give, bequeath and devise my home on the Daniel Webster Highway in said Bedford, together with the contents thereof to my husband, Richard B. Taylor, for life, with the power to mortgage or sell the same in his discretion if he shall deem it necessary for his comfort and support, with the right at his death to dispose of the same by will among his heirs or my heirs, and in default of appointment equally to my next of kin, if I should then die intestate, and to his next of kin at his death."

Richard B. Taylor did not mortgage or sell the real estate during his lifetime and died without issue on August 17, 1967 survived by his second wife Margaret G. Taylor. The fifth paragraph of his will left the property in question to "my wife, Margaret G. Taylor, if living at my decease. . . ."

The next of kin of Frances M. Taylor as of the time of the death of Richard B. Taylor are the plaintiffs John W. McLane, James Robert McLane, Marjorie Stevens and Shirley McLane, her nephews and nieces. The next of kin of Richard B. Taylor surviving him was the defendant Bertha L. Marden.

The will of Frances M. Taylor gave Richard B. Taylor a limited power to dispose of the real estate both during his lifetime and by will. Not having disposed of it during his lifetime the devise to his widow Margaret G. Taylor would not be effective unless the phrase "his heirs" in the will of Frances included his widow. The word "'heirs' has an ordinary well-accepted legal meaning, viz: those persons who succeed to a decedent's property at his death if he dies intestate . . . ." *Colony* v. *Colony*, 97 N.H. 386, 391, 89 A.2d 909, 912 (1952); *In re Davis Estate*, 108 N.H. 163, 165, 229 A.2d 694, 695 (1967). Technically speaking a surviving spouse is not an "heir" and "takes no interest in any New Hampshire real estate as an heir." *Chisholm* v. *Bradley*, 99 N.H. 12, 15, 104 A.2d 514, 516 (1954); *Wilkins* v. *Ordway*, 59 N.H. 378 (1879). Their rights are determined by waiver of dower or homestead under RSA ch. 560 rather than as heirs under the statute of descent and distribution. RSA 561:1.

Cases in other jurisdictions reaching a different result generally involve statutes of descent and distribution designating surviving spouses as heirs. *First Agricultural Nat'l Bank* v. *Shea*, 351 Mass. 1, 217 N.E.2d 779 (1966); Annot., 157 A.L.R. 347 (1945); Annot., 79 A.L.R.2d 1438 (1961); 4 Page, Wills *s.* 34.5

( Bowe-Parker ed. 1961 ); *see Linnell* v. *Smith,* 153 Me. 288, 137 A.2d 357 ( 1957 ).

The defendant Margaret G. Taylor concedes that widows are not ordinarily "heirs" but argues that in the light of all the surrounding circumstances she should be considered an heir in this case. The difficulty with this argument is that there are no surrounding circumstances or extrinsic evidence that would permit us to read " into the will language expressive of an entirely differ-ent purpose from that disclosed by the clear language of the will. " *Jones* v. *Bennett,* 78 N.H. 224, 234-35, 99 A. 18, 24 ( 1916 ).

In disposing of her property in case of default of appointment by her surviving husband's will, the testatrix provided that it should go in equal shares to her husband's " next of kin " and to her own " next of kin, " as if she had died intestate at the time of her surviving husband's death. *Remick* v. *Merrill,* 80 N.H. 225, 116 A. 344 ( 1921 ). Nothing in the record suggests that her use of the words " next of kin, " in contrast to the words " his heirs or my heirs " used in the power of appointment, signified an intention that " heirs " should designate a broader class which would in-clude her husband's second wife. Her use of " next of kin " ap-pears rather to result from appreciation that if the property were to pass by intestacy it would go to the " next of kin " as provided by RSA 561:1. *See Pinkham* v. *Blair,* 57 N.H. 226, 244 ( 1876 ).

The will of Richard B. Taylor was ineffective to exercise the power granted to him by his deceased wife's will and accordingly at his death the property belonged equally to his and his former wife's " next of kin " as provided by her will. So John W. McLane, James Robert McLane, Marjorie Stevens and Shirley McLane each own a one-eighth interest while Bertha L. Marden owns the re-maining one-half.

*Remanded.*

GRIFFITH, J., took no part in the consideration or decision of this case.