## CIRCUIT COURT OF THE CITY OF LYNCHBURG

First & Merchants Nat. Bank,
Executor and Trustee u/w
William Ray Odor

v.

Howard W. Rhodes, Jr., Committee
of Margaret Tweedy Odor

March 25, 1976

By JUDGE WILLIAM W. SWEENEY

A hearing was held on February 12, 1976, at which time argument of counsel was heard as to the proper construction of certain provisions of the will of William Ray Odor, deceased. Both parties seek advice and guidance from the court. No evidence was presented. There is no substantial disagreement as to the facts.

Defendant's responsive pleadings refer only to Item 2B of the will. This provision is not applicable here since it provides only for distribution of the decedent's estate to designated beneficiaries after the death of his wife. Briefs of counsel have been submitted, read and considered. Item 2A of the will reads as follows:

> If both my wife, Margaret Tweedy Odor, and my mother, Myrtie Ava Odor, or either of them, survive me, then my said trustee shall hold and expend the estate coming into its hands, both principal and interest or so much thereof as it, in its sole discretion, may deem necessary for the maintenance and support of my said wife and mother, or the survivor of them taking into consideration the needs and other income of such beneficiaries.

Briefly stated, First & Merchants National Bank (herein after referred to as the "Bank") is the executor and trustee under the will of William Ray Odor, a resident of Lynchburg, who died on September 22, 1973, survived by his wife Margaret Tweedy Odor. His mother Myrtie Ava Odor, mentioned in Item 2A of the will, predeceased him. On October 22, 1973, the defendant, Howard W. Rhodes, Jr., was appointed Committee for Margaret Tweedy Odor who had then become incapable of managing her affairs. At the present time, she is living at a local nursing home and will, in all probability, continue to be there until her death. Her medical expenses are large.

In his will, decedent established a trust for the benefit of his wife for life and upon her death provided that the trust would be distributed to certain designated beneficiaries. *It is important to note that said beneficiaries are not the same persons as those who will be the beneficiaries of the estate of Margaret Tweedy Odor at the time of her death.* The husband's beneficiaries were his niece and sisters-in-law; his wife's beneficiaries are her sisters. There were no children born of the marriage.

The testator was an educated man who had a responsible job as an engineer in this city. His will was drafted by Howard W. Rhodes, Jr., the defendant herein. In providing a trust for his wife for life with the remainder to certain designated beneficiaries, he therefore intentionally waived the substantial tax benefit of the marital deduction allowed for Federal Estate Tax purposes. The wife has a personal estate in excess of $100,000, now administered by the defendant as her Committee. The assets of the trust established by the decedent and administered by the Bank are approximately $135,000 but are subject to the Bank's overdraft of approximately $38,000 created by its payment of living expenses of the wife in excess of the combined net incomes from the trust estate and the Committee's estate. Considering the overdraft, the amount of the wife's estate exceeds that of the trust estate. At the present time, the necessary expenses of maintaining the wife in the nursing home exceed the combined incomes of the trust and the Committee's estate. The Bank has refused to invade the corpus of the trust fund taking the position that in the exercise of the discretion granted it under the will, it is not required

to do so where the wife's own personal estate is available for her maintenance and support. Likewise, the defendant Committee has declined to use the corpus of the fund administered by him without the direction of this Court. The narrow question presented is whether the Bank abuses the discretion granted it under the will in declining to sell principal assets of the trust to pay for the life beneficiary's support so long as there remain significant assets in the Committee's fund.

As both counsel pointed out in their briefs, the words used in a will should be given their usual and ordinary meaning but all four corners of the instrument must be considered in determining the true intent of the testator. The Court should discern the testator's intent from the language used in the will giving effect to and reconciling, if possible, all provisions of the will. See *Jarrett* v. *McReynolds*, 212 Va. 241, 183 S.E.2d 343 (1971).

The construction placed upon Item 2A of the will by the Committee overlooks not only the phrase "taking into consideration the needs" (and other income of such beneficiaries) but also the expressed intent of the testator that his trust should benefit remainder men specifically designated by him. For this Court to require that all principal assets of the trust be used for the support of the widow before encroachment upon her principal funds would be to favor the widow's estate beneficiaries over those of the testator. There is nothing in the will to indicate the testator's intent to favor his wife's beneficiaries over his. Further, the Committee's interpretation limits the discretion granted to the trustee under the will. While it is true that the trustee is *authorized* to expend both principal and interest from the testator's estate to support the widow, the amount of such expenditures is left to the sole discretion of the trustee to expend as it may deem necessary for the wife's maintenance and support. The will phrase "taking into consideration the needs and other income of such beneficiaries" serves as a guideline for the Bank to follow.

There is no problem as to "consideration of the other *income*" of the wife since both the Bank and the Committee agree that income from both sources can be used. There is, however, disagreement as to the phrase authorizing the Bank as trustee to take into consideration "the needs" of the wife. Since the wife has an estate

worth over $100,000 at the present time she has no "needs" requiring an invasion of the trust corpus. The Committee's only obligation is to his ward, the wife. On the other hand, the Bank bears a fiduciary duty to the remainder beneficiaries of the trust as well as to the life beneficiary. See 51 *Am. Jur.* 2d, Life Tenants and Remaindermen, Section 26.

The word "needs" as used in the will does not mean "desires, whims or requests" of the wife but in a stronger sense means "requirements or necessities." In *Hull* v. *Holloway*, 58 Conn. 210, 20 A. 445, 447, the words "require" and "need" were held synonymous. *In Re Houghtaling's Estate*, 143 N.Y.S.2d 87, 89, 208 Misc. 129, the words "requirement" and "necessity" were held synonymous with the words "require", "need" and "necessary." In *Pump and Well Company* v. *Taylor*, 201 Va. 311, 318, 110 S.E.2d 525 (1959), the Virginia Supreme Court (in a case not involving wills) defined the word "need" as used in a contract as follows:

> The word "need" implies "a condition requiring supply or relief." It means all that one requires for relief, and is synonymous with "adequate" for the requirements. 65 C.J.S., Need, page 273; Webster's New International Dictionary 2d Edition.

At the time of execution of his will, the testator was aware that his wife had her own estate. In addition, over $40,000 presently administered for her benefit by the Committee constitutes the proceeds of a pension paid by the testator's employer to the surviving spouse after his death. Had the wife not become disabled and if no committee had been appointed for her, her own funds would have been used for her support along with the income from the trust but the trustee would not have been required to expend principal assets of the trust so long as the widow had adequate funds of her own. Had the testator intended that his entire estate be used for his wife's benefit without any regard to her own estate, he could have so provided in the will.

The case of *Devine* v. *Cote*, 248 A.2d 77 (N.H. 1968), and *Smith* v. *Gillikin*, 201 Va. 149, 109 S.E.2d 121 (1959), are in point although the facts are different in the *Smith* case. It is important to note, however, that the

court in both cases protected the remainder beneficiaries of the trust. The *Devine* case seems very close on its facts and the holding therein supports the Bank's contentions in this case. There the New Hampshire Supreme Court said in ruling that the ward's (Leo's) expenses should be first paid from his estate:

> The agreed statement of facts contains the following statement: "Insofar as distributions are made from the trust under the will of Mary Bouchard, the expectancy of the remaindermen of the trust estate is reduced. Insofar as distributions are made from the funds under the control of the guardian, the expectancy of the heirs-at-law of Leo E. Bouchard is reduced. Since the remaindermen under the trust and the heirs-at-law of the ward are not the same persons, the trustee and the guardian are in the position of favoring either the remaindermen or the heirs-at-law by the actions which they take. The trustee is in doubt concerning his duties under the trust instrument and for this reason has sought instructions from the Court." 248 A.2d 77 at 79.

I think it important that the testator gave to the Bank as his trustee broad discretionary powers as to administering the trust (see Items II and III). The Bank was empowered to pay from the trust for the wife's benefit "so much thereof as it in its sole discretion, may deem necessary." The will told the trustee to consider the wife's needs and income in paying from the trust. If the Bank felt the wife only needed five dollars per month from the trust, it was acting in accordance with the will and would be protected in such exercise of discretion except for dishonesty or improper motive. See ´ *Restatement*, Trusts, Section 128, p. 326. This Court should not interfere with the exercise of the Bank's discretion even if I were to disagree with its decisions. It is only for a gross abuse of such discretion that the Court should act.

Under the circumstances of this case, I rule that the Bank as trustee has not abused its discretion granted it under the will. The defendant is authorized and directed to reimburse the trustee from income and, if necessary,

from the corpus held by him as Committee in the amount of the present overdraft and for any future necessary expenses of the wife not covered by the net incomes of both funds.