BEATTY, Justice.
Appeal by plaintiffs Belvy and Agnes Franklin from a judgment for the defendants, Fred and Mary Jones, in the Frank-lins’ suit for injunctive and declaratory relief. We affirm.
The suit arose out of a contract to supply water. The Joneses’ predecessor in title, Azariah Darling, owned a parcel of real property adjoining a parcel owned by Darling’s son. The son, Kenneth, sold his parcel to the Franklins. The well on this property furnishing an indifferent water supply, the Franklins negotiated a contract with Azariah Darling whereby the Frank-lins would be furnished water by Darling. This contract was substantially the same as that in issue, and water was furnished under it for about seven years.
Azariah Darling sold his property to the Joneses, and they and the Franklins, after discussions, agreed to the terms for furnishing water, which included a $4 per month charge. At the time this contract was made, a city water system was under construction. In due course, that system reached the proximity of the parties’ properties. The Joneses paid a deposit and a tapping charge for city water to their property, but learned that they could not be connected so long as there was another water system in operation on their property-
Efforts by the Joneses to renegotiate the terms of the monthly charge failed. They refused to accept the tender of a year’s payment from the Franklins, and gave the Franklins a 30-day notice that they would discontinue operation of the well. The Franklins then filed this suit for an injunction. Ultimately, by agreement of the parties, the cause was heard as one for a declaratory judgment to determine the Joneses’ obligation to furnish water to the Franklins under the contract.
The contract executed by the parties, in pertinent part, reads as follows:
“Now therefore, in consideration of the sum of Four and No/100 Dollars ($4.00) to be paid each month beginning May, 1982, the Joneses agree to furnish water to the Franklins through the existing water system on the property of the Jones-es for the purpose of supplying water for the Franklins’ household needs.
“This contract shall remain in full force and effect until such a time as the Franklins no longer require the use of the well or until such a time that this agreement is terminated by mutual consent of the parties herein.”
Following a hearing at which evidence was taken, the trial court entered an order in favor of the Joneses, which, in part, stated:
“One paragraph of the agreement in question says, ‘This contract shall remain in full force and effect until such a time as the Franklins no longer require the use of the well or until such a time that this agreement is terminated by mutual consent of the parties herein.”
*98 “The defendants contend that [because of] the fact that there is now available to the plaintiffs city water, the Franklins no longer ‘require’ the use of the defendants’ well. (This contract is virtually the same contract which was entered into between the plaintiffs and the Joneses’ predecessor in title. At that time, city water was not available to these two residences.)
“The court rules that the plaintiffs would certainly be correct in their assertion that they had lifetime water rights from the defendants’ well if the contract paragraph in question read ‘this contract shall remain in full force and effect until such time that this agreement is terminated by mutual consent of the parties herein.’ That is not, however, what the agreement says. There is included the phrase, ‘until such a time as the Frank-lins no longer require the use of the well or.’ The ‘requirement’ phrase is limiting language. For this phrase to have any meaning whatsoever, it must have been contemplated that a time would come when the Franklins would no longer require the use of the well. The question is what would such an occasion be. The court rules that the availability of city water is one such occasion.
“Wherefore, it is hereby ADJUDGED that, after the expiration of a reasonable amount of time for the plaintiffs to ‘hook up’ to the city water supply system, the defendants have no further duty to furnish water to the Franklins from their well....”
On appeal, the plaintiffs quarrel with the trial court’s explicit finding that the “requirement phrase” is “limiting language.” Plaintiffs argue that the contract terms were not ambiguous and thus permitted no construction by the court, yet they offer no alternative interpretation, and thus we surmise that their position is that they had the contractual right to the Joneses' water unlimited by time.
Whether a contract is ambiguous is a question of law for the trial court, Mass Appraisal Services, Inc. v. Carmichael, 404 So.2d 666 (Ala.1981), and when a court determines that a contract is ambiguous, then ascertainment of its meaning is a question for the factfinder, the trial court here. Miles College, Inc. v. Oliver, 382 So.2d 510 (Ala.1980). As stated in Mass Appraisal Services, Inc., supra, at 673:
“[T]he surrounding circumstances, including the construction placed on the language by the parties, are taken into consideration in order to ascertain the intention of the parties. [Citations omitted.]”
The Court continued:
“In light of the fact the evidence in this case was adduced ore tenus, the findings of fact by the trial court made after a determination that ambiguity existed as a matter of law, are to be accorded a heavy presumption of validity, and they will not be disturbed unless palpably erroneous. Ford v. Alabama ByProducts Corp., 392 So.2d 217 (Ala.1980).”
See also Harrelson v. Glisson, 424 So.2d 591 (Ala.1982).
The trial court was correct in its determination that the “requirement” clause was one of limitation, contemplating a time when the Franklins’ water requirements would not be met by water from the Joneses’ well. In this context, “require” could mean “need” or “necessary.” Cf. City of Waukegan v. Stancyak, 6 Ill.2d 594, 129 N.E.2d 751, 754 (1955); In re Houghtaling’s Estate, 208 Misc. 129, 143 N.Y.S.2d 87, 89 (1955). The parties’ conversations during and after their contractual negotiations concerned a time limitation. Mr. Jones, himself, testified:
“Q. Again, what were you talking about at the start of your testimony, when you said, ‘would furnish water until he could get on his own’?
“A. Right, they were putting in a water system, that was in early April, and they were just then laying the pipes. Mr. Darling asked me to let him stay on the water and I agreed and I told him until, you know, until he could get on his own water system.
*99 “Q. You told Mr. Darling that?
“A. And I told Mr. Franklin that.
“Q. Before you signed the contract?
“A. Before I signed the contract.
“Q. Until he could get on his own water?
“A. Until he could get on his own water, I would furnish him water.
“Q. What did he say back?
“A. I don’t really recall what he said; we just talked about water and that was it.
“Q. There was no conversation about when he was supposed to get on his own water?
“A. At the time we didn’t know when the water system was going to be installed. We knew they were working in the neighborhood.
“Q. When you told him, until he could get on his own, you did not specifically name the city water, did you?
“A. I don’t think so.
“Q. You just said, ‘get on your own’?
“A. Until he could get on his own.
“Q. You didn’t discuss what you meant by, ‘your own’?
“A. Not to my knowledge.
“Q. And you don’t remember what he said in response?
“A. No.”
Taken with the background of the installation of the city water system, it was a reasonable conclusion, and thus not a palpably wrong finding, that the parties looked to the availability of city water as an occasion when the Franklins would “no longer require the use of the [Joneses’] well.” Thus, the trial court’s determination was a reasonable construction. United States Fidelity & Guaranty Co. v. Jacksonville State University, 357 So.2d 952 (Ala.1978).
Contrary to plaintiffs’ argument, the trial court’s order according plaintiffs a reasonable time to “hook up” to city water is not, at least at this point, “vague” or incapable of measure. The trial court has used that measure of time to conclude the Joneses’ obligation to furnish water. Any future conflict in the application of a reasonable time, under these particular circumstances, can be dealt with in the trial court.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.